VANESSA H. WIDENER (Bar No. 203967)
 vhw@amclaw.com
JENNIFER S. MUSE (Bar No. 211779)
 jsm@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
444 South Flower Street
Thirty-First Floor
Los Angeles, California 90071-2901
TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

**Attorneys for Plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B.,<br><br>Plaintiff,<br><br>vs.<br><br>BARRETT VALUATION CORPORATION, a California corporation; BARRY CORINDIA, an individual; CIMARRON COVE PARTNERS, LLC, an Oregon corporation; and DOES 1 to 5, inclusive,<br><br>Defendants. | Case No. EDCV11-0245 VAP (OPx)<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT;**<br>2. **NEGLIGENT MISREPRESENTATION;**<br>3. **BREACH OF FIDUCIARY DUTY; AND**<br>4. **AIDING AND ABETTING FRAUD**<br><br>Trial Date:      None |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

846040.1 5662.099

COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENCE AND PROFESSIONAL NEGLIGENCE

Plaintiff herein, for causes of action against Defendants, and each of them, alleges as follows:

## COMMON ALLEGATIONS

## PARTIES

1. IndyMac Bank, F.S.B. ("INDYMAC") was a federally chartered savings bank with its principal place of business in Pasadena, California. On July 11, 2008, INDYMAC was closed by the Office of Thrift Supervision and the Federal Deposit Insurance Corporation was appointed as Receiver pursuant to 12 U.S.C. § 1464(d)(2)(A) and 12 U.S.C. § 1821(c)(5). The FDIC as Receiver of IndyMac, F.S.B. ("FDIC") has standing to prosecute this action.

2. The FDIC is informed and believes and thereon alleges that Defendant BARRETT VALUATION CORPORATION ("BARRETT") is a suspended California Corporation, with its principal place of business in Rancho Cucamonga, California. BARRETT is engaged in the business of real estate appraisals and is doing business in Riverside County, California.

3. The FDIC is informed and believes and thereon alleges that at all relevant times herein, Defendant BARRY CORINDIA ("CORINDIA") is an individual residing in Riverside County, State of California. CORINDIA is a California Residential Appraiser (Lic. No. AL 034133) and is the principal, agent and/or employee of BARRETT. He is doing business in Riverside County, California.

4. The FDIC is informed and believes and thereon alleges that, Defendant CIMARRON COVE PARTNERS, LLC ("CIMARRON COVE") is an Oregon limited liability company and was at all times relevant herein authorized to do business in California with an office located in Riverside County, State of California.

5. The FDIC is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 5,

inclusive. The FDIC is informed and believes, and on that basis alleges, that each fictitious defendant was in some way responsible for, participated in, or contributed to, the matters and things of which the FDIC complains herein and in some fashion has legal responsibility therefor. When the exact nature and identity of such fictitious defendants' responsibility for, participation in, and contribution to, the matters and things herein alleged is ascertained by the FDIC, it will seek to amend this Complaint and all proceedings herein to set forth the nature of these defendants' identities.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331 since all suits to which the FDIC is a party are deemed to arise under the law of the United States. (12 U.S.C. §1819(b)(2)(A).)

7. Venue is proper in the Central District of California, pursuant to 28 U.S.C. § 1391, in that the place of performance for all or some of the obligations sued upon was the County of Los Angeles. CIMARRON COVE, CORINDIA and BARRETT are subject to personal jurisdiction in this district at the time the action is commenced and have sufficient minimum contacts with the County of Los Angeles.

## FACTUAL BACKGROUND

8. On or about October 12, 2007, IndyMac funded a loan in the amount of $558,183 for the purchase of the real property located at 31481 Calle Amigos, Cathedral City, CA 92334, APN 677-620-038 (the "Property") for Brad and Carrie Vincent (the "Borrowers").

9. The Borrowers purchased the Property from CIMARRON COVE for $656,686.

10. CIMARRON COVE had listed the Property for sale at a price of $524,600 starting on July 1, 2007. CIMARRON COVE was unable to sell the property at this list price.

11. The FDIC is informed and believes and thereon alleges that,

1  CIMARRON COVE was approached by Loomis Wealth Solutions ("Loomis") with
2  an offer to have the Property "purchased" for $656,686, more than $100,000 over
3  the list price. Loomis orchestrated a complex scheme in which it arranged for straw
4  buyers to purchase properties from developers with dwindling inventory for prices
5  far in excess of the listing price and/or market value of the properties. In such a
6  transaction, Loomis, or one of its entities, were paid a "marketing fee" that was
7  approximately the amount of the increased sales price.

8      12.    The FDIC is informed and believes and thereon alleges that
9  Loomis arranged for the Borrowers to purchase the Property from CIMARRON
10 COVE.

11     13.    CIMARRON COVE contracted with the Borrowers for the sale
12 of the Property in which it signed the contract on "September 31, 2007."

13     14.    CIMARRON COVE then re-listed the Property at the sale price
14 on October 2, 2007.

15     15.    On or about October 1, 2007, CORINDIA and BARRETT
16 contracted to prepare a written Uniform Residential Appraisal Report ("Appraisal")
17 for the Property. CORINDIA and BARRETT knew the Appraisal was to be used
18 for mortgage lending purposes.

19     16.    On or about October 11, 2007, CORINDIA and BARRETT
20 prepared the Appraisal which valued the Property at $670,000 as of October 5,
21 2007. The Appraisal was submitted to INDYMAC for the purpose of facilitating the
22 mortgage finance transaction.

23     17.    The appraiser's certification attached to the Appraisal expressly
24 provides in part as follows:

25     ***

26     2.    I performed a complete visual inspection of the
     interior and exterior areas of the subject property. I
27 reported the condition of improvements in factual, specific
     terms. I identified and reported the physical deficiencies
28

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

that could affect the livability, soundness, or structural integrity of the property.

3. I performed this appraisal in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice....

4. I developed my opinion of the market value of the real property that is the subject of this report based on the sales comparison approach to value. I have adequate comparable market data to develop a reliable sales comparison approach for this appraisal assignment....

\*\*\*

6. I researched, verified, analyzed and reported the prior sales of the comparable sales for the minimum of one year prior to the date of sale of the comparable sale, unless otherwise indicated in the report.

7. I selected and used comparable sales that are locationally, physically, and functionally the most similar to the subject property.

\*\*\*

9. I have reported adjustments to the comparable sales that reflect the market's reaction to the difference between the subject property and the comparable sales.

\*\*\*

12. I am aware of, and have access to, the necessary and appropriate public and private data sources, such as multiple listing services, tax assessment records, public land records and other such data sources for the area where the property is located.

\*\*\*

14. I have taken into consideration the factors that have an impact on value with respect to the subject neighborhood, subject property, and the proximity of the subject property to adverse influences in the development of my opinion of market value. I have noted in this appraisal report any adverse conditions...observed during the inspection of the subject property or that I became aware of during the research involved in performing this appraisal. I have considered these adverse conditions in my analysis of the property value, and have reported the effect of the conditions on the value and marketability of the subject property.

15. I have not knowingly withheld any significant information from this appraisal report and, to the best of

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

846040.1 5662.099

5

COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENCE AND PROFESSIONAL NEGLIGENCE

my knowledge, all statements and information in this report are true and correct.

***

23. The borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves one or more of these parties.

***

25. Any intentional or negligent misrepresentation(s) contained in this appraisal report may result in civil liability….

18. In reliance on the Appraisal prepared by CORINDIA and BARRETT, on or about October 12, 2007, INDYMAC funded a mortgage loan to Brad Vincent, in the principal amount of $558,183.00 secured by a deed of trust encumbering the Property (loan no. 128253883).

19. In submitting the Appraisal to INDYMAC, CORINDIA and BARRETT were required to use reasonable care in preparation of the Appraisal and to demonstrate, through their conduct, the qualifications of honesty, candor, integrity and trustworthiness necessary to prepare the Appraisal.

20. FDIC subsequently learned the Appraisal had been negligently prepared and contained material misrepresentations which resulted in damages to the FDIC.

### FIRST CLAIM FOR RELIEF

**(Breach of Contract – Against Barrett, Corindia and Does 1 to 5)**

21. The FDIC realleges and incorporates by reference paragraphs 1 through 20, inclusive, of this Complaint.

22. On or about October 1, 2007, Defendants CORINDIA and BARRETT entered into an agreement to provide an appraisal for the Property. CORINDIA and BARRETT prepared the Appraisal and in exchange received valuable consideration from INDYMAC.

23. In entering into the agreement, CORINDIA and BARRETT knew the Appraisal would be used by a lender to evaluate the value of the Property in connection with a mortgage finance transaction.

24. The Appraisal provided by CORINDIA and BARRETT expressly certified, acknowledged and agreed as follows:

\*\*\*

> 2. I performed a complete visual inspection of the interior and exterior areas of the subject property. I reported the condition of improvements in factual, specific terms. I identified and reported the physical deficiencies that could affect the livability, soundness, or structural integrity of the property.
>
> 3. I performed this appraisal in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice....
>
> 4. I developed my opinion of the market value of the real property that is the subject of this report based on the sales comparison approach to value. I have adequate comparable market data to develop a reliable sales comparison approach for this appraisal assignment....

\*\*\*

> 6. I researched, verified, analyzed and reported the prior sales of the comparable sales for the minimum of one year prior to the date of sale of the comparable sale, unless otherwise indicated in the report.
>
> 7. I selected and used comparable sales that are locationally, physically, and functionally the most similar to the subject property.

\*\*\*

> 9. I have reported adjustments to the comparable sales that reflect the market's reaction to the difference between the subject property and the comparable sales.

\*\*\*

> 12. I am aware of, and have access to, the necessary and appropriate public and private data sources, such as multiple listing services, tax assessment records, public land records and other such data sources for the area where the property is located.

\*\*\*

14. I have taken into consideration the factors that have an impact on value with respect to the subject neighborhood, subject property, and the proximity of the subject property to adverse influences in the development of my opinion of market value. I have noted in this appraisal report any adverse conditions…observed during the inspection of the subject property or that I became aware of during the research involved in performing this appraisal. I have considered these adverse conditions in my analysis of the property value, and have reported the effect of the conditions on the value and marketability of the subject property.

15. I have not knowingly withheld any significant information from this appraisal report and, to the best of my knowledge, all statements and information in this report are true and correct.

\*\*\*

23. The borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves one or more of these parties.

\*\*\*

25. Any intentional or negligent misrepresentation(s) contained in this appraisal report may result in civil liability….

25. CORINDIA and BARRETT breached the contract in that the Appraisal: (1) misrepresented the value of the Property; (2) used improper and negligently selected comparable sales; (3) did not comply with the Uniform Standards of Professional Appraisal Practice; (4) failed to disclose that the purchase contract was signed prior to the current listing of the Property; and (5) failed to adequately discuss and/or analyze the prior listing history for the Property.

26. INDYMAC performed and completed all of its obligations owed to CORINDIA and BARRETT as required, except as to any acts or obligations INDYMAC was excused from performing by CORINDIA and BARRETT's breach.

/ / /

/ / /

27. The FDIC suffered foreseeable damage as a result of CORINDIA and BARRETT's ' breach of the agreement. The FDIC has suffered damages in an amount to be proven at trial, plus interest, costs, and attorney's fees.

## SECOND CLAIM FOR RELIEF

**(Negligent Misrepresentations – Against Barrett, Corindia and Does 1 to 5)**

28. The FDIC realleges and incorporates by reference paragraphs 1 through 27, inclusive, of this Complaint.

29. On or about October 11, 2007, CORINDIA and BARRETT prepared the Appraisal which misrepresented the value the Property at $670,000. The appraiser's certification attached to the Appraisal represents, among other things, that CORINDIA and BARRETT:

\*\*\*

> 2. I performed a complete visual inspection of the interior and exterior areas of the subject property. I reported the condition of improvements in factual, specific terms. I identified and reported the physical deficiencies that could affect the livability, soundness, or structural integrity of the property.
>
> 3. I performed this appraisal in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice….
>
> 4. I developed my opinion of the market value of the real property that is the subject of this report based on the sales comparison approach to value. I have adequate comparable market data to develop a reliable sales comparison approach for this appraisal assignment….

\*\*\*

> 6. I researched, verified, analyzed and reported the prior sales of the comparable sales for the minimum of one year prior to the date of sale of the comparable sale, unless otherwise indicated in the report.
>
> 7. I selected and used comparable sales that are locationally, physically, and functionally the most similar to the subject property.

\*\*\*

> 9. I have reported adjustments to the comparable sales that reflect the market's reaction to the difference between the subject property and the comparable sales.
>
> ***
>
> 12. I am aware of, and have access to, the necessary and appropriate public and private data sources, such as multiple listing services, tax assessment records, public land records and other such data sources for the area where the property is located.
>
> ***
>
> 14. I have taken into consideration the factors that have an impact on value with respect to the subject neighborhood, subject property, and the proximity of the subject property to adverse influences in the development of my opinion of market value. I have noted in this appraisal report any adverse conditions…observed during the inspection of the subject property or that I became aware of during the research involved in performing this appraisal. I have considered these adverse conditions in my analysis of the property value, and have reported the effect of the conditions on the value and marketability of the subject property.
>
> 15. I have not knowingly withheld any significant information from this appraisal report and, to the best of my knowledge, all statements and information in this report are true and correct.
>
> ***
>
> 23. The borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves one or more of these parties.
>
> ***
>
> 25. Any intentional or negligent misrepresentation(s) contained in this appraisal report may result in civil liability….

30. The Appraisal was submitted to INDYMAC for the purpose of facilitating a mortgage loan. In preparing the Appraisal, CORINDIA and BARRETT owed INDYMAC a duty to act in accordance with the law and in accordance with custom, practices and standards of conduct of an appraiser

prevailing in the industry. In breach of that duty, the Appraisal contained numerous material misrepresentations, failures and deficiencies including, but not limited to, violations of the Uniform Standards of Professional Appraisal Practice; negligently misrepresenting the value of the Property; failing to use and analyze appropriate comparable sales; failing to disclose that the purchase contract was signed prior to the current listing of the Property; and neglecting to discuss and/or analyze the prior listing history of the Property.

31.　At the time CORINDIA and BARRETT prepared the Appraisal, they had no reasonable grounds for believing the representations were true. These representations were material to INDYMAC's decision to make the loan and CORINDIA and BARRETT intended for INDYMAC to rely on the representations made in the Appraisal as part of the mortgage finance transaction.

32.　INDYMAC relied on the representations made by CORINDIA and BARRETT in the Appraisal in deciding to fund the loan and INDYMAC further relied upon CORINDIA and BARRETT to conduct business in accordance with the duty of care implied by the law and the custom of the appraisal industry, and believed that the information submitted by CORINDIA and BARRETT was true and had been reviewed in accordance with the Uniform Standards of Professional Appraisal Practice and other standards prevalent in the appraisal industry.

33.　The FDIC has been damaged because it relied upon the representations made by CORINDIA and BARRETT and the proper performance by CORINDIA and BARRETT of its professional duties in making the decision to make the loan. The FDIC has suffered damages in an amount to be proven at trial, plus interest, costs, and attorney's fees.

### THIRD CLAIM FOR RELIEF

**(Breach of Fiduciary Duty – Against Corindia, Barrett and Does 1 to 5)**

34.　The FDIC realleges and incorporates by reference paragraphs 1 through 33, inclusive, of this Complaint.

35. The FDIC is informed and believes that CORINDIA is, and at all relevant times herein was, a California licensed residential real estate appraiser and the owner, principal, shareholder, employee, agent and/or independent contractor of Defendants, including but not limited to BARRETT.

36. In preparing the Appraisal, CORINDIA and BARRETT entered into a fiduciary relationship with INDYMAC, represented that they possessed the qualifications of honesty, candor, integrity and trustworthiness and represented that the Appraisal was prepared in accordance with the Uniform Standards of Professional Appraisal Practice.

37. In preparing the Appraisal, CORINDIA and BARRETT failed to act as a reasonable appraiser would have acted under the same or similar circumstances. Specifically, the Appraisal contained numerous material misrepresentations, failures and deficiencies including, but not limited to, violations of the Uniform Standards of Professional Appraisal Practice; negligently misrepresenting the value of the Property; failing to use and analyze appropriate comparable sales; failing to disclose that the purchase contract was signed prior to the current listing of the Property; and neglecting to discuss and/or analyze the prior listing history of the Property.

38. As a proximate result of defendants' breach of their fiduciary duty, the FDIC has suffered damages in an amount to be proven at trial, plus interest, costs, and attorney's fees.

## FOURTH CLAIM FOR RELIEF

**(Aiding and Abetting Fraud – Against Cimarron Cove and Does 1 to 5)**

39. The FDIC realleges and incorporates by reference paragraphs 1 through 38, inclusive, of this Complaint.

///

///

///

40. The FDIC is informed and believes and thereon alleges that Loomis and the Borrowers were engaged in an enterprise to purchase the Property at a significantly inflated price, to fraudulently induce INDYMAC into funding a mortgage loan in excess of the true value of the Property.

41. CIMARRON COVE listed the Property for sale at $524,600 and was unable to sell the Property for this amount.

42. The FDIC is informed and believes and thereon alleges that because CIMARRON COVE could not sell the Property for the original list price, CIMARRON COVE knew, or should have known, that the market value of the Property was less than the listed price of $524,600.

43. The FDIC is informed and believes and thereon alleges that, on or about August 24, 2007, CIMARRON COVE agreed to sell the Property to Borrowers, for $656,686 at the insistence of Loomis, despite knowing the Property's value was less than $524,600. By entering into its agreement with Loomis, CIMARRON COVE represented that the market value of the Property was $656,686 and assisted Loomis in its scheme to arrange for straw buyers to purchase properties from developers for prices in excess of the listing price and market value. CIMARRON COVE's conduct allowed Loomis to recover a "marketing fee" which was approximately the difference between increased sales price and the Property's actual value.

44. In reliance on the representations made by CIMARRON COVE, Loomis and the Borrowers, on or about October 12, 2007, INDYMAC agreed to fund a mortgage loan to the Borrowers in the amount of $558,183.

45. The FDIC has been damaged because it relied on the representations made by CIMARRON COVE in the real estate documents. The FDIC has suffered damages in an amount to be proven at trial, plus interest, costs and attorneys fees.

## FIFTH CLAIM FOR RELIEF

### (Negligent Misrepresentation – Against Cimarron Cove and Does 1 to 5)

46. The FDIC realleges and incorporates by reference paragraphs 1 through 45, inclusive, of this Complaint.

47. The FDIC is informed and believes that CIMARRON COVE was the developer and the seller of the Property. Beginning on July 1, 2007, CIMARRON COVE listed the Property for sale at a price of $524,600. The listing was effective through September 12, 2007, at which time the listing was cancelled. Even though it already contracted to sell the property, on October 2, 2007, CIMARRON COVE re-listed the Property for $656,686, so that the sale to the Borrowers and the Appraisal would have the appearance of legitimacy. At the time CIMARRON COVE re-listed the Property, it knew, or should have known that the Property was worth less than the prior listed price of $524,600 and that IndyMac would reasonably rely on the subsequent listing price of $656,686 as reported in the Appraisal.

48. CIMARRON COVE further knew, or should have known, that IndyMac would rely on the information in the real estate documents. As such, CIMARRON COVE owed IndyMac a duty to provide complete and accurate information in connection with the Borrowers' purported purchase transaction.

49. CIMARRON COVE breached its duty to IndyMac when it prepared real estate documents that contained inaccurate and misleading information relating to the Borrowers' purported purchase transaction.

50. CIMARRON COVE'S misrepresentations and/or omissions induced IndyMac to fund a loan transaction that it would not have otherwise funded.

51. The FDIC has been damaged because it relied on the representations made by CIMARRON COVE in the real estate documents. The FDIC has suffered damages in an amount to be proven at trial, plus interest, costs and attorneys' fees.

**WHEREFORE,** FDIC prays for judgment against Defendants, and each of them, as follows:

1. For general, compensatory, and consequential damages, according to proof at trial, plus interest, costs and attorneys' fees;
2. For its costs of suit incurred herein;
3. For its reasonable attorneys fees as allowed by law;
4. For prejudgment interest at the legal rate allowable; and
5. For such other and further relief as the court deems just and proper.

DATED: February 8, 2011

ANDERSON, McPHARLIN & CONNERS LLP

By: _____
Vanessa H. Widener
Jennifer S. Muse
Attorneys for Plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

846040.1 5662.099

15
COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENCE AND PROFESSIONAL NEGLIGENCE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

**EDCV11- 245 VAP (OPx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [X] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Vanessa H. Widener (SBN 20396)
 vhw@amclaw.com
Jennifer S. Muse (SBN 211779)
 jsm@amclaw.com
Anderson, McPharlin & Conners LLP
444 South Flower St., Thirty-First Floor
Los Angeles, CA  90071-2901
Telephone:  (213) 688-0080

ORIGINAL

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B.<br><br>PLAINTIFF(S)<br><br>V.<br><br>Barrett Valuation Corporation, a California corporation; Barry Corindia, an individual; Cimarron Cove Partners, LLC, an Oregon corporation; and Does 1 to 5, inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>EDCV11-0245 VAP (OPx)<br><br>**SUMMONS** |

TO:DEFENDANT(S): <u>Barrett Valuation Corporation, a California corporation; Barry Corindia, an individual; Cimarron Cove Partners, LLC, an Oregon corporation; and Does 1 to 5, inclusive</u>

   A lawsuit has been filed against you.

   Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Jennifer S. Muse of Anderson, McPharlin & Conners LLP</u>, whose address is <u>444 South Flower St., 31st Floor, Los Angeles, CA 90071-2901      </u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  FEB - 8            By:  **CHRISTOPHER POWERS**
                                 Deputy Clerk

                                 *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)   SUMMONS   American LegalNet, Inc.
www.USCourtForms.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

COPY

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B.

**DEFENDANTS**
Barrett Valuation Corporation, a California corporation; Barry Corindia, an individual; Cimarron Cove Partners, LLC, an Oregon corporation; and DOES 1 to 5, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Vanessa H. Widener (SBN 203967)  vhw@amclaw.com
Anderson, McPharlin & Conners LLP
444 South Flower St., 31st Floor
Los Angeles, CA  90071-2901    (213) 688-0080

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No       ☒ **MONEY DEMANDED IN COMPLAINT:** $ 75,000 +

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Breach of Contract; Negligent Misrepresentation; Breach of Fiduciary Duty; Aiding and Abetting Fraud

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:     Case Number: _____  EDCV11-0245

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                CIVIL COVER SHEET                American LegalNet, Inc.  www.FormsWorkflow.com          Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☒ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All Defendants - Riverside County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date February 8, 2011
Jennifer S. Muse

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |