JESSE S. HERNANDEZ (Bar No. 92708)
  jsh@amclaw.com
VANESSA H. WIDENER (Bar No. 203967)
  vhw@amclaw.com
JENNIFER S. MUSE (Bar No. 211779)
  jsm@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
444 South Flower Street
Thirty-First Floor
Los Angeles, California 90071-2901
TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

Attorneys for Plaintiff,
**FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B., <br><br> Plaintiff, <br><br> vs. <br><br> BARRETT VALUATION CORPORATION, a California corporation; BARRY CORINDIA, an individual; and CIMARRON COVE, type of entity unknown, <br><br> Defendants. | Case No. EDCV11-00245-JAK (OPx) <br><br> **PROTECTIVE ORDER** <br><br> Trial Date: None |

Pursuant to the stipulation between plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B. and defendants BARRY CORINDIA and CIMARRON COVE (collectively the "Parties"), and being fully advised by the Parties, and good cause appearing, the Court now enters the following Protective Order:

/ / /

/ / /

885117.1 5662.099

# PROTECTIVE ORDER

The following restrictions shall be observed as to such properly designated Confidential Information as may be produced in discovery by the Parties to this litigation:

## I. DEFINITIONS

A. "Confidential Document" means any document produced that bears the stamp or legend specified in Paragraph 1 below, which signifies that the Designating Party contends that the document contains Confidential Information (as Confidential Information is defined in the next paragraph) entitled to confidentiality under established principles of law. "Confidential Information" means a trade secret or other confidential commercial information, sensitive or proprietary business or financial information, personal information, or information furnished to the party producing the information in confidence by a third party. The following categories of documents, while not exclusive, are deemed to contain Confidential Information:

    a. "Loan Origination Files" for the loans at issue in this litigation which include the borrower's private information, and other confidential or proprietary business records.

    b. "Loan Servicing Files" for the loans at issue in this litigation which will include the borrower's private information.

    c. "Foreclosure Files" for the loans at issue in this litigation which will include the borrower's private information.

    d. "Repurchase Demand Files" for the loans at issue in this litigation which will include the borrower's private

information, confidential business records, and other proprietary information.

    e.    "Personal Records" as defined by California Code of Civil Procedure §1985.3.

B.    "Document" or "Documents" means all written, recorded, electronic or graphic material, whether produced or created by a party or another person, and whether produced pursuant to document request, subpoena, by agreement, or otherwise, and includes deposition transcripts and exhibits, where applicable.

C.    "Designating Party" means the party who initially produces the Document and marks it as "Confidential-Subject to Protective Order" pursuant to this Protective Order.

D.    "Party" means any person or entity that is named as a party to this litigation.

E.    "Person" means any natural person, or any legal or business entity, profit or nonprofit organization, or any government agency.

## II.     <u>GOOD CAUSE</u>

This action involves a dispute between plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for INDYMAC BANK, F.S.B. and defendants relating to mortgage loans. As such, this litigation will involve the review and analysis of Loan Origination Files, Loan Servicing Files, Foreclosure files, Repurchase Demand Files and other Personal Records of individuals who applied for and obtained mortgage loans at issue. Good cause exists to grant the Parties' request for a Protective Order to (1) preserve the privacy interests of third party borrowers; (2) protect the confidential business records and proprietary information of the plaintiff and defendant; and (3) allow the Parties to exchange

information in the most expeditious fashion possible, with a minimum burden, expense, dispute, and delay. Pursuant to 15 U.S.C. § 6802(e)(8), the production of non-public personal financial information, protected by the measures set out in this Protective Order, shall not constitute a violation of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, et seq. (*Marks v. Global Mortgage Group, Inc.*, 218 F.R.D. 492, 496 (S.D. W.Va. 2003).)

## III. DESIGNATION OF CONFIDENTIAL INFORMATION AND RESTRICTIONS ON ITS DISCLOSURE

1. A Party, who reasonably believes in good faith that a Document being produced contains Confidential Information, may designate such Document as containing such information only by: (1) Bates stamping such Document; and (2) stamping such Document with the following legend: CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER OF THE UNITED STATES DISTRICT COURT.

2. Documents designated by a Designating Party as Confidential Information shall be used by the Parties and those persons identified in Paragraph 5 below only for the purpose of the prosecution or defense of this litigation, and shall not be communicated in any manner to anyone other than those persons identified in Paragraph 5 below, unless the Court orders otherwise. The attorneys of record are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to and distribution of copies of Confidential Information.

3. In the event any Party creates a computer database, disk, compact disc, drive, or other electronic record containing a Confidential Document or Confidential Information (assuming that the procedures enumerated in this Order have been followed and that the Court has made the requisite finding that "good cause" exists if a designation is contested under Paragraph 8 below), the Party

creating such an electronic record shall mark the disk, case or envelope containing the material with the "Confidential" legend set forth in Paragraph 1 above. Documents printed from such electronic media shall be marked the same as documents originally produced on paper.

      4.      Confidential Documents and Confidential Information produced pursuant to this Protective Order shall not be disclosed except to a "Covered Person," defined as follows:

      (a)      The Court, and its staff, in which this litigation is pending;

      (b)      A Party or an employee of a Party who is participating in the prosecution or defense of this litigation;

      (c)      Attorneys of record for any Party, including any employee of any such attorneys to whom it is reasonably necessary that the material be shown for purposes of prosecuting or defending this litigation;

      (d)      An expert consultant or expert witness retained by a Party or an attorney or record to assist in the prosecution or defense of this litigation;

      (e)      Any person noticed for deposition or designated as a trial witness in this litigation; and

      (f)      Any other person designated by the Court in the interest of justice, and on such terms as the Court may deem just and proper.

      5.      Deposition testimony and related exhibits disclosing Confidential Information shall be subject to this Protective Order and the relevant portions of the transcript of such testimony, and any related exhibits, may be designated with the "Confidential" legend as set forth in Paragraph 1 above. The Designating Party must make the designation within five (5) calendar days from receipt of the deposition transcript. The relevant potions of the deposition transcripts and related

exhibits of such deposition testimony shall be treated the same under this Protective Order as other Documents marked with the "Confidential" legend set forth in Paragraph 1 above. The witness, court reporter and videographer, if any, for any such deposition shall be provided with a copy of this Protective Order by the Party who noticed the deposition, shall acknowledge this Protective Order on the record, and shall agree not to disclose to anyone other than those persons specified in Paragraph 5, above, any portion of such deposition testimony or exhibit that has been properly designated as containing or constituting Confidential Information by signing Appendix "A" hereto. If a witness refuses to sign an acknowledgement, in the form attached hereto as Appendix "A," that witness may be shown, but not given, Confidential Documents, and the Designating Party may move to force the deponent to be bound by this Protective Order, which motion shall be granted upon a finding of good cause, and sanctions awarded if the refusal is found by the Court to be unreasonable or in bad faith. If any Party believes that the Designating Party has improperly designated any portion of any deposition transcript as containing or constituting Confidential Information, the objecting Party may object to such designation pursuant to the procedure set forth in Paragraph 7 below.

6. Confidential Information shall not be disclosed to anyone other than the Parties, experts and attorneys of record for any of the Parties without first informing them of the contents of this Protective Order. In the case of persons specified in Paragraph 5(d)-(f), counsel disclosing the Confidential Information shall obtain from such person, prior to disclosure, a signed acknowledgement, in the form attached hereto as Appendix "A," that the person:

    (a) is familiar with the terms of this Protective Order and agrees to comply with and be bound by those terms and to use the Confidential Information only for purposes of this litigation, and

/ / /

885117.1 5662.099

(b) submits to the personal jurisdiction of this Court for purposes of enforcing this Protective Order.

7. Declassification. All Confidential Documents and Confidential Information shall be accorded confidential status pursuant to the terms of this Protective Order unless the Parties agree in writing to the contrary or a contrary determination is made by the Court as to confidential status. Should a Party desire to object to the designation of a Document as containing or constituting Confidential Information, that Party shall provide the Designating Party with a written objection listing the Document(s) that the objecting Party seeks to have excluded from this Protective Order and shall state the basis for the objection. The objecting Person and the Designating Party shall then meet and confer regarding the objection. If the meet and confer does not resolve the objection, then, within fourteen (14) days of the receipt of the objection (by mail, facsimile or hand-delivery), the Designating Party shall have the right to file a noticed motion seeking a determination that the designated Document(s) contain(s) or constitute(s) Confidential Information and should remain subject to the provisions of this Protective Order. This Protective Order does not change or affect the burden of showing "good cause" by which the proponent of confidentiality must establish entitlement to a protected status for the designated Document(s). The failure of a Designating Party to file a timely noticed motion shall result in the subject Document being deemed not to constitute or contain Confidential Information and the Document shall no longer be subject to the provisions of this Protective Order.

8. If a Party desires to use a Confidential Document or Confidential Information in support of a motion, opposition to a motion, or other document filed with the Court, or at trial or other proceeding, the Party shall accompany its papers with an Application to file the Confidential Document under seal pursuant to United States District Court, Central District of California, Rule 79-5.1. The Application shall be directed to the judge to whom the motion, opposition or other papers are

directed. Pending the ruling on the Application, the papers or portions thereof which are subject to the Application shall be lodged under seal.

9. Any Person, who has received a Confidential Document or Confidential Information pursuant to this Protective Order and who thereafter is served with a subpoena or other legal process commanding the production of any such Confidential Document or Confidential Information, shall promptly notify, in writing, the Designating Party of the service of such subpoena or other legal process so as to afford the Designating Party a reasonable opportunity to object or move to quash.

10. At the conclusion of this litigation, the attorneys for each Party: (a) shall ensure that any person who has received any Confidential Document or Confidential Information under the terms of this Protective Order returns such Confidential Document and Confidential Information to the attorneys for the Designating Party within thirty (30) days of the termination of this action, and (b) shall certify in writing that any Confidential Document produced to the Party represented by that attorney has been returned in accordance with this paragraph, provided that any Party may, upon motion duly noticed to all the Parties, move the Court for an order requesting some other disposition of any Confidential Document or Confidential Information.

11. This Court shall retain jurisdiction with respect to any dispute regarding the improper use of any Confidential Document or Confidential Information, to modify the terms of this Protective Order, or to enter further Orders respecting Confidential Documents or Confidential Information, as may be necessary.

12. This Protective Order does not apply to any document or information already in the possession, custody, or control of a Party before the date of this Protective Order which is thereafter produced by another Party and labeled

"Confidential" as set forth in Paragraph 1, above. Such Confidential Document or Confidential Information may be disclosed to any person unless:

  a. a request for confidentiality or nondisclosure on the basis of privilege or right of privacy is made by or on behalf of the document holder of such privilege or right, or

  b. a Party claims the Document or portion thereof is subject to a privilege or right of privacy and the holder obtained it unlawfully or pursuant to an agreement or a legal duty which would be violated if disclosed, or

  c. a Party claims the Document or portion thereof is covered by the attorney-client privilege and was unlawfully obtained or inadvertently disclosed, or

  d. an attorney claims the Document or portion thereof is work product and was unlawfully obtained or inadvertently disclosed.

13. The Court shall retain all powers and remedies authorized by law to enforce, or prevent violation or abuse of, this Protective Order.

14. The production of any Confidential Document or Confidential Information pursuant to this Protective Order is not intended to constitute a waiver of any privilege or right to claim the trade secret or confidential status of the document, material, or information produced as to any person outside of the disclosure arrangements herein.

15. Production of any Confidential Document or disclosure of Confidential Information pursuant to the terms of this Protective Order does not constitute a waiver by any Party of the right to object on legal grounds, including privilege or trade secret, to any other item of discovery or production of documents.

16. The inadvertent or unintentional production or disclosure of any Confidential Document or Confidential Information shall not, under any

885117.1 5662.099

circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

17. Any court hearing that would reveal to any unauthorized person any Confidential Information shall, in the Court's discretion, be conducted *in camera*. A Party must request such an *in camera* hearing.

18. This Protective Order may be amended by agreement of all counsel of record for the Parties in the form of written stipulation filed with the Court and subject to the Court's approval.

19. Review of any Confidential Document or Confidential Information by any Covered Person shall not waive its confidential status or objections to its admissibility at any trial or other court hearing.

20. This Protective Order shall be strictly enforced by the Court, and any violation is punishable by the Court, including, without limitation, invocation of the Court's contempt power or the impo

DATED: July 27, 2011

Honorable Oswald Parada
United States Magistrate Judge

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B., <br><br> Plaintiff, <br><br> vs. <br><br> BARRETT VALUATION CORPORATION, a California corporation; BARRY CORINDIA, an individual; and CIMARRON COVE, type of entity unknown, <br><br> Defendants. | Case No. EDCV11-0245-JAK (OPx) <br><br><br> **APPENDIX "A" TO PROTECTIVE ORDER** |

The undersigned states, subject to the penalty of perjury:

1. I have been furnished a copy of the Protective Order entered in this case, which restricts the use of any Confidential Document or Confidential Information.

2. I am a person identified in Paragraph 5 of the Protective Order.

3. I promise and hereby agree to comply with the Protective Order with respect to any Confidential Document or Confidential Information furnished to me in this litigation, and to use such material for purposes of this litigation only and for no other purpose.

4. As a condition to my receipt of any Confidential Document or Confidential Information in this litigation, I hereby consent to personal jurisdiction over me in the Superior Court of California, County of Los Angles, solely for the purpose of enforcing this Protective Order. I understand that violation of any term of this Protective Order may subject me to a monetary sanction or fine.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _____ day of _____, 2010.

Signed: _____

Print Name: _____

Street Address: _____

City, State, Zip: _____

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594